FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 2 8 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z DEPUTY

Brian A. Wilkins
1917 S. Signal Butte Rd. #101-129
Mesa, AZ 85209
480-526-3896
brianw@operation-nation.com
In Propria Persona Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

12-CV-1392-PHX-MHB

Brian A. Wilkins,    ) CV:
                     )
        Plaintiff,   )
                     ) **COMPLAINT FOR VIOLATIONS OF,**
    vs.              ) ***INTER ALIA*, THE FAIR LABOR**
                     ) **STANDARDS ACT (FLSA)**
Comcast Corporation, )
iPacesetters Corporation, )
Doe Defendant #1,    ) **Jury Trial Requested**
Doe Defendant #2,    )
        Defendants   )
_____)

COMES NOW Plaintiff BRIAN A. WILKINS, proceeding *in propria persona*, brings this action to address violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, 23 A.R.S. § 352; 23 A.R.S. § 353(B); and 23 A.R.S. § 1502(A)(2). Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 1332(a). The pendent jurisdiction of this Court is also invoked. Defendant Comcast Corporation is headquartered in Philadelphia, PA. iPacesetters Corporation is headquartered in Montvale, NJ, and also has a facility in Mesa, AZ where the Plaintiff was employed. Doe Defendants #1 and #2 are the human resources director and a male employee who identified himself as "legal department" for iPacesetters in Mesa. The real identities of said Defendant will be added upon discovery of said identities. The Plaintiff has resided in Maricopa and Pima counties, Arizona, for the duration of events contained in this complaint.

1

## BACKGROUND

Plaintiff began working at iPacesetters in Mesa, AZ on June 11, 2012. As with all the other telemarketing employees working there, he was making minimum wage: $7.65 per hour. Defendants Comcast Corporation and iPacesetters have a contractual agreement which the latter employs telemarketers on behalf of Comcast Corporation to call former and current Comcast customers in an attempt to sign them up for service "packages" or "bundles." The price of these "packages" usually far exceeds the current monthly bill of the people being called. iPacesetters telemarketers were either paid $7.65 per hour for what it termed "39.5" hours per week or $35 per "sale," whichever was greater for the week. Thus, a telemarketer would have to exceed nine (9) sales per week to make more than minimum wage. Nobody except the Plaintiff ever got more than one (1) sale on any given day for the duration of his employment. Telemarketers also are required to have $18.00 deducted from their first paychecks for the headsets which they use on the floor.

The Plaintiff realized in the training class that the weekly schedule telemarketers were required to work was actually 42.5 hours per week. The schedule is 10 a.m. – 5 p.m. Monday thru Friday and Saturday 8 a.m. – 4 p.m., six days per week. iPacesetters allows telemarketers three, *unpaid* 10 minute breaks per day Monday thru Friday (emphasis added). The format is the same for Saturdays, except telemarketers receive one half hour "lunch" as well. When the Plaintiff pointed out the illegality of the schedule to the trainer and the human resource representative (Defendant Doe#1) in front of the training class, he was told that it is "perfectly legal" and that all six days were mandatory work days for telemarketers.

The Plaintiff had access to an automobile for the first week of work, but the car he was driving broke down the following week. The Plaintiff worked a full day on Monday, June 18, 2012, but resigned after working two hours on June 19. Arizona is a "right to work" state and either employee or employer may terminate the relationship at their pleasure. 23 A.R.S. § 1501(2). Though the Plaintiff had made 3 sales in his first full day on the phone, he felt that the daily five-hour roundtrip on the bus and walking, plus the actual seven or eight hours at work, six days a week, for $7.65 per hour was unreasonable and economically impractical. Plaintiff

further felt it to be outrageous that management at iPacesetters said their illegal practices were "perfectly legal," thus reasonable person would have resigned in the face of a company which openly violate federal and state labor laws.

Plaintiff first called his team lead, Adrian, to inform him he was resigning effective immediately. On Wednesday, June 20, Plaintiff called human resources (Defendant Doe #1), informed her he resigned and requested to pick up his paycheck on the regular payday of Friday, June 22, 2012. Defendant Doe #1 told the Plaintiff that his check would be mailed. Plaintiff informed Doe #1 that Arizona law only allows employers to mail final paychecks to a former employee if they request it. Doe #1 persisted and said Plaintiff will not be allowed to pick up the check and it will be mailed.

On Thursday, June 21, Plaintiff called Mesa Police to attempt to press charges against iPacesetters, as a violation of 23 A.R.S. § 353(B) is also criminal, finable offense. *Id.* at D. Police told the Plaintiff he would need to contact the Arizona Attorney General to press the charge. During the call to police, Plaintiff received a voicemail (which will be presented as evidence) from Doe #1, reiterating her position that his check would be mailed despite his request to pick it up. Plaintiff called iPacesetters again, this time speaking to a male employee (Defendant Doe #2) who said he was with the "legal department." This conversation was also recorded. Plaintiff informed Doe #2 that he was in the process of contacting the attorney general and filing a federal lawsuit since iPacesetters refused to follow the law in regards to the Plaintiff's final (and only) paycheck. Plaintiff reiterated that all he wanted was to receive his paycheck. Doe #2 told the Plaintiff he "has been doing this for years" and said the Plaintiff "signed a document" giving iPacesetters permission to mail the final paycheck despite state law. When the Plaintiff asked Doe #2 to produce this document, he replied "it's in your file." Plaintiff, after informing Doe #2 that state and federal law trump company policy, made a final demand to pick up his paycheck in the regular way on the regular payday: June 22, 2012. Doe #2 said he "knows the law better" than the Plaintiff and the check would be mailed "either Friday or Saturday" and verified the correct mailing address of the Plaintiff before hanging up.

3

As of Thursday, June 28, the Plaintiff is yet to receive the check via mail and Defendants iPacesetters and Comcast have not returned his calls.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF FLSA: 29 CFR § 785.18

The Plaintiff hereby realleges and incorporates each and every allegation set forth herein, specifically page 2, lines 14-21. Defendant Comcast through its telemarketing division – iPacesetters – wantonly, openly and willfully violates federal labor law as it pertains to, *inter alia*, break pay. iPacesetters does not display the Fair Labor Standards Act poster usually found in most all places of employment, which clearly states these laws. Though the Plaintiff has yet to receive this paycheck, it should have a total of 43.25 hours. But because of the Defendants' open and blatant discountenance of 29 CFR § 785.18, the check will be 40.25 hours. This is the company's policy and its permanent work schedule for telemarketers. These openly, wanton illegal acts by the Defendants justify awarding punitive damages to the Plaintiff.

### COUNT TWO: VIOLATION OF FLSA: 29 U.S.C. § 207(a)(1)

The Plaintiff hereby realleges and incorporates each and every allegation set forth herein, specifically page 2, lines 14-21 and in Count One. Defendant Comcast through its telemarketing division – iPacesetters – wantonly, openly and willfully violates federal labor laws regarding the maximum hours an employee can work and overtime pay. A full work week for telemarketers making calls on behalf of Comcast at iPacesetters is statutorily 42.5 hours, which exceeds the 40 hour threshold. iPacesetters not only fails to pay overtime for these hours, but does not even pay regular time for said hours. These open and wanton illegal acts by the Defendants justify awarding compensatory, actual and punitive damages to the Plaintiff.

### COUNT THREE: VIOLATION OF 23 A.R.S. § 352

The Plaintiff hereby realleges and incorporates each and every allegation set forth herein, specifically page 3, lines 4-27. The regular payday which the Plaintiff was supposed to receive his paycheck was Friday, June 22. As of the filing of this complaint, the Plaintiff still has not received the check. Defendants are now withholding the check for their own retaliatory reasons. Defendants Doe #1 and Doe #2 told the Plaintiff to "go to the attorney general." As a result of the Defendants deliberate disobeying of state law, Plaintiff will likely lose his storage shed which all his belonging are in, he will have to pawn many belongings to get by and will me

homeless again, as he will not be able to pay his rent. These open and wanton illegal acts by the Defendants justify awarding compensatory, actual and punitive damages to the Plaintiff.

**COUNT FOUR: VIOLATION OF 23 A.R.S. § 353(B)**

The Plaintiff hereby realleges and incorporates each and every allegation set forth herein. Defendants deliberately, wantonly and maliciously disregarded well-established state law which regulates how employers must give employees their final paycheck. As a result of the Defendants deliberate disobeying of state law, Plaintiff will likely lose his storage shed which all his belonging are in, he will have to pawn many belongings to get by (since he may also lose them anyway), will likely be without a phone thus cannot find new employment, and will me homeless again, as he will not be able to pay his rent. These open and wanton illegal acts by the Defendants justify awarding compensatory, actual and punitive damages to the Plaintiff.

**COUNT FIVE: VIOLATION OF 23 A.R.S. § 1502(A)(2)**

The Plaintiff hereby realleges and incorporates each and every allegation set forth herein. The fact that unemployment checks are about equal to a full-time minimum wage check, it is simply unreasonable and outrageous that the Defendants are not only withholding the Plaintiff's $332.78 check, but basically dared him to commence litigation in an effort to intimidate and toy with him. The Plaintiff chooses to find work rather than collect unemployment. The Defendants expect telemarketers earning minimum wage to work six days a week for 42.5 hours, but only be paid for 39.5 hours. Telemarketers also must pay $18.00 for the headset needed to make calls. The Defendants blatantly and maliciously ignore federal and state labor law in trying to squeeze as much labor out of the Plaintiff and all other telemarketers for the least amount of compensation. Also, the Plaintiff was forced to walk and ride the bus for 4-5 hours per day total just to get to work, which meant he would basically work, walk, ride buses and sleep. These open and wanton illegal acts by the Defendants which forced the Plaintiff to resign justify awarding compensatory, actual and punitive damages to the Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs seek judgment as follows:

1. Declaratory relief stating the Defendants willfully, wantonly and maliciously violate several state and federal labor laws to get maximum labor out of telemarketers for the least amount of compensation. Further, Defendants deliberately deceive employees and fail to display the Fair Labor Standards Act poster.
2. Declaratory relief stating the Defendants' policy of scheduling telemarketers six days a week for 42.5 hours violates federal labor law.
3. Award Plaintiff actual, compensatory and punitive damages, the latter exceeding $250,000 as a result of the Defendants' belief that they are above the law.
4. Award the Plaintiff all court cost, fees, standby counsel fees and all other costs incurred as a result of this action.
5. Award Plaintiff other relief as the Court and jury find just and fit.

RESPECTFULLY submitted this 28th day of June, 2012.

Brian A. Wilkins
1917 S. Signal Butte Rd. #101-129
Mesa, AZ 85209
480-526-3896
brianw@operation-nation.com
In Propria Persona Plaintiff